UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

OREANDA JABBAR HALL,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

Case No. 1:08-CV-482
(Criminal Case No. 1:03:CR:79)

HON GORDON J. QUIST

## OPINION

### I.  Introduction

The Court has before it Oreanda Jabbar Hall's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Promptly after the filing of a § 2255 motion, the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief in the district court.  Rule 4, Rules Governing § 2255 Cases.  If so, the Court shall make an order for its summary dismissal.  *Id.*  A dismissal under Rule 4 includes those petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254).  After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief under § 2255.

### II.  Procedural History

On March 13, 2003, a grand jury issued an indictment charging Petitioner and four others with conspiracy to distribute more than 50 grams of a mixture or substance containing a detectable

amount of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). On February 10, 2005, Petitioner pled guilty pursuant to a plea agreement. On June 15, 2005, the Court sentenced Petitioner to 360 months incarceration, which was at the bottom of his Guideline range. (Plea Tr. at 26, 33.) Judgment was entered on June 17, 2005. Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit. On September 8, 2006, the Sixth Circuit affirmed. *United States v. Hall*, 194 F. App'x 393 (6th Cir. 2006). Petitioner then petitioned for a writ of certiorari, which the Supreme Court denied on June 29, 2007. *Hall v. United States*, No. 06-8324 (June 29, 2007). On May 27, 2008, Petitioner timely filed this motion under 28 U.S.C. § 2255.

### III. Ineffective Assistance of Counsel

Petitioner claims that he was denied effective assistance of counsel. Petitioner cannot establish ineffective assistance of counsel unless he can show two things. First, Petitioner must establish deficient performance by counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). This requires counsel to make errors so serious that he or she was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*, 104 S.Ct. at 2064. Second, Petitioner must show that counsel's deficient performance prejudiced Petitioner. *Id.*, 104 S.Ct. at 2064. To establish prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. If Petitioner cannot prove both deficiency and prejudice, his ineffective assistance claim fails. *Id.* at 697, 104 S.Ct. at 2069.

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* applies with a minor revision. *Hill v. Lockhart*, 474 U.S.

52, 58, 106 S.Ct. 366, 370 (1985); *see also Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996). The first prong of *Strickland* remains virtually the same. The second prong, or "prejudice" requirement, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. Petitioner must show a reasonable probability that, but for counsel's errors, Petitioner "would have *insisted on going to trial*." *Id.* (emphasis added); *see also Roe v. Lucio Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000).

The essence of Petitioner's ineffective assistance claim is that his counsel failed to challenge the allegedly defective indictment and misled Petitioner into pleading guilty to the defective indictment. Petitioner argues that the indictment was invalid because it named "cocaine base (crack), a Schedule II controlled substance," as the controlled substance that Petitioner conspired to distribute, yet neither cocaine base nor crack is listed in Schedule II. As a result of counsel's unreasonable performance, Petitioner argues, he was prejudiced by choosing to forego trial. Petitioner further argues that counsel's improper advice rendered his guilty plea unknowing and involuntary.

Petitioner's ineffective assistance claim is meritless. The Sixth Circuit has flatly rejected the argument that crack is not encompassed by Schedule II. "[C]ontrary to [defendant's] argument, crack cocaine is covered by Schedule II of the Controlled Substances Act." *United States v. Jernigan*, 93 F. App'x 775, 776 (6th Cir. 2004). "Because cocaine base and crack cocaine are mixtures that contain cocaine and are derived from coca leaves, these substances are encompassed by Schedule II's definition." *Id.* (internal citation omitted). Thus, Petitioner's indictment was valid, and Petitioner's argument that his counsel was deficient for advising him to plead guilty to a defective indictment fails.

Moreover, at his plea hearing, Petitioner admitted, under oath, that he agreed to distribute crack cocaine. (Plea Tr. at 16.) Likewise, he also confirmed that during the course of the conspiracy he distributed and agreed to distribute at least 818.26 grams of cocaine base. (*Id.* at 18.) Petitioner stated that his guilty plea was made voluntarily and of his own free will. (*Id.* at 15-16.) Petitioner's own admission of guilt prevents him from establishing that he would have insisted on going to trial but for counsel's alleged errors. "I didn't take this to trial to try to deny something that I did that I knew was wrong." (Sen. Tr. at 29.) Consequently, Petitioner's ineffective assistance of counsel claim fails in all respects.

### IV. No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## V.  Conclusion

For the reasons set forth above, Petitioner's § 2255 Motion (Docket No. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated: July 1, 2008                              /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE